TUCKER ELLIS LLP
MOLLIE F. BENEDICT SBN 187084
mollie.benedict@tuckerellis.com
MONEE TAKLA HANNA SBN 259468
monee.hanna@tuckerellis.com
515 S. Flower Street, 42nd Floor
Los Angeles, CA 90071
Telephone:  213.430.3400
Facsimile:  213.430.3409

TUCKER ELLIS LLP
DUSTIN B. RAWLIN (*pro hac vice application forthcoming*)
dustin.rawlin@tuckerellis.com
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone:  216.592.5000
Facsimile:  216.592.5009

Attorneys for Defendant MENTOR WORLDWIDE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| TANYA KITCHEN,<br><br>Plaintiff,<br><br>v.<br><br>MENTOR WORLDWIDE, LLC;<br>JOHNSON & JOHNSON SERVICES,<br>INC. and DOES 1-10, inclusive,<br><br>Defendants. | Case No.   2:17-cv-07594<br><br>**DEFENDANT MENTOR<br>WORLDWIDE LLC'S NOTICE OF<br>REMOVAL**<br><br>JURY TRIAL DEMANDED<br><br>Complaint Filed: October 10, 2017 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Mentor Worldwide LLC ("Mentor"), through undersigned counsel, hereby timely removes this case from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California, Western

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

Division.[1]  As grounds for removal, Mentor states as follows:

9.      On or about October 10, 2017, Plaintiff Tanya Kitchen ("Plaintiff") filed a Complaint captioned *Tanya Kitchen v. Mentor Worldwide LLC, et al.*, Case No. BC678882 (the "State Court Action") in the Superior Court of California, County of Los Angeles.  The Complaint names as defendants Mentor Worldwide LLC and Johnson & Johnson Services, Inc. ("J&J Services") (collectively, "Defendants").

10.     As required by section 1446(a), a true and correct copy of the Complaint in this action is attached as Exhibit A.

11.     Plaintiff Tanya Kitchen ("Plaintiff") alleges that Defendants manufactured MemoryGel silicone breast implants that caused her various injuries.  *See* Complaint ("Compl."), ¶¶ 20, 27, 35, 41 (Attached as Exhibit A to Declaration of Monee Takla Hanna ("Hanna Decl.")).  Plaintiff asserts claims against Defendants for strict products liability – failure to warn, strict liability – manufacturing defect, negligence, and negligence per se.  *Id.*  ¶¶ 8–43.

12.     As set forth more fully below, in addition to diversity jurisdiction, this Court has concurrent federal-question jurisdiction. The medical device at issue was approved by the FDA through the rigorous premarket approval ("PMA") process in 2006.  Less than 1% of medical devices receive approval through the PMA process, which is the highest level of scrutiny available in the federal regulatory system. *See Walker v. Medtronic, Inc.*, 670 F.3d 569, 572–73 (4th Cir. 2012). Plaintiff pleads violations of federal law on the face of her Complaint and her right to relief necessarily turns on resolution of federal-law questions.  The exercise of federal-question jurisdiction here will not disrupt the balance between state and federal jurisdiction, in light of the significant federal involvement in the issues at the crux of this case and the small number of medical devices subject to this

---

[1] By removing this action to this Court, Mentor does not waive any defenses, objections, or motions available under state or federal law.  Further, Mentor expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims and/or seek dismissal on grounds of lack of personal jurisdiction, insufficient or improper service of process, improper venue, or forum *non conveniens*.

DEFENDANT MENTOR WORLDWIDE LLC'S NOTICE OF REMOVAL

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Denver ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis

3461752.1

level of federal oversight.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312–13 (2005); *see also Burell v Bayer Corp.*, No. 1:17-cv-00032-MOC-DSC, 2017 WL 1032504, at \*3 (W.D.N.C. Mar. 17, 2017).

## I.    REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).

13.    As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Mentor has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

### C.    Complete Diversity of Citizenship Exists Between Plaintiff and Defendants.

6.    Plaintiff Tanya Kitchen alleges that she is a citizen and resident of Los Angeles County, California.  Plaintiff is therefore a citizen of  the State of California for purposes of section 1332(c)(1).  *See* Compl. ¶ 1.

7.    Mentor is a limited liability company organized and existing under the laws of the State of Delaware.  Mentor's sole member is, and was at the time the Complaint was filed, Ethicon, Inc.  Ethicon, Inc. is, and was at the time the Complaint was filed, a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey.  Accordingly, Ethicon is a citizen of New Jersey.   A limited liability company "is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Hale v. Mastersoft Int'l Pty. LTD*, 93 F. Supp. 1108, 1112 (D. Colo. 2000) (explaining that "courts . . . have uniformly held that a limited liability company is a citizen of the states of which its members are citizens, and is not a citizen of the state in which it was organized unless one of its members is a citizen of that state[,]" and holding that limited liability company organized in Delaware, whose two members were Colorado citizens, was a citizen only of Colorado and not Delaware for

DEFENDANT MENTOR WORLDWIDE LLC'S NOTICE OF REMOVAL

3461752.1

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

purposes of determining whether diversity jurisdiction existed) (citing supporting authority).  Accordingly, for purposes of section 1332(c)(1), Mentor is a citizen of the State of New Jersey.

8.      J&J Services is, and was at the time the Complaint was filed, a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey.  Accordingly, J&J Services is a citizen of New Jersey.

9.      The Complaint includes a number of fictitious defendants, whose citizenships are ignored for removal purposes.  28 U.S.C. § 1441(b).

10.     Complete diversity exists between Plaintiff and Defendants, thus satisfying 28 U.S.C. § 1332(a)(1).

**D.  The Amount in Controversy Requirement is Satisfied.**

11.     Removal is proper under section 1446(c)(2)(B) if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.[2]

12.     Under section 1446(a), a defendant seeking to remove a case must include in its notice of removal "a short and plain statement of the grounds for removal."  The Supreme Court has explained that "by borrowing the familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014)

---

[2] The preponderance of the evidence standard was announced in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758.  According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it."  H.R. Rep. No. 112-10, at 15 (2011).  Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met."  *Id.* at 16.

DEFENDANT MENTOR WORLDWIDE LLC'S NOTICE OF REMOVAL

3461752.1

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

(quoting H.R. Rep. No. 100-889, p. 71 (1988) (internal quotation marks omitted)). To satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Id.* at 551 (quoting *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192, 200 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint'").[3]

13.     In the Ninth Circuit, a removing defendant need show only that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Where, as here, the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001). Here, it is facially evident from the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as to each plaintiff. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

14.     Plaintiff's Complaint alleges that as a result of Mentor's conduct Plaintiff was "injured in her health, strength, activity and self-esteem, all of which have caused

---

[3] If a court questions a defendant's amount-in-controversy allegation, the court *must* give the parties an opportunity to present evidence relating to the allegation and only then decide whether the preponderance of that evidence shows that the amount in controversy is met. *See Dart*, 135 S. Ct. at 554 ("Evidence establishing the amount is required . . . when . . . the court questions[] the defendant's allegation."); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015) (same). In other words, a court may not sua sponte remand a removed case based on a deficient amount-in-controversy allegation before giving the defendant an opportunity to cure the alleged deficiency. *See, e.g.*, *Ellenburg*, 519 F.3d at 194, 197–98; *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295–96, 1298 (11th Cir. 2009); *accord Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (explaining that a district court has no authority to remand a removed action sua sponte based on a purported procedural defect in the notice of removal); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (same); *Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) (explaining that failure to allege amount in controversy constitutes a "procedural defect" that does not undermine jurisdiction).

DEFENDANT MENTOR WORLDWIDE LLC'S NOTICE OF REMOVAL

3461752.1

and continue to cause her great physical, mental and emotional suffering and distress." Compl. ¶ 17. The Complaint further alleges that Plaintiff was "forced to seek and continues to see further medical care and treatment" and was "prevented from attending to her usual occupation resulting in damage." *Id*. ¶¶ 18–19. Plaintiff seeks general damages, damages for medical and related expenses, and loss of income and earning capacity. *Id.* at "WHEREFORE" paragraphs 1–3.

15.    In addition, Plaintiff seeks punitive damages. *See, e.g.*, Compl. ¶ 20. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

16.    Therefore, analyzing the Complaint in a light most favorable to Plaintiff while not admitting liability for any amount, the amount of damages alleged to be in controversy for Plaintiff will reasonably exceed $75,000.00, exclusive of interests and costs. *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that amount in controversy exceeded jurisdictional threshold because complaint alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework")); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (noting that the Ninth Circuit has "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any summary judgment-type evidence relevant to the amount in controversy at the time of removal").

17.    Moreover, reported verdicts and settlements in cases with damage allegations similar to this case have exceeded $75,000. *See, e.g., Brazell v. Chadwick*, 2010-EV-011176-Y, 2014 WL 2567535 (Ga. Super., Fulton Cty., Jan. 24, 2014) (verdict of $125,000 for plaintiff who suffered disfigurement, tissue loss, and breast asymmetry and required implant removal after bilateral breast augmentation surgery); *Siravo v.*

3461752.1

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

*Manstein,* Case No. 2008-24237, 2013 WL 5716741 (Pa.Com.Pl. July 19, 2013) (verdict of $175,000 for plaintiff who suffered breast disfigurement, scarring, embarrassment, and emotional distress after bilateral breast reduction surgery); *Waite v. Lincenberg,* Case No. 2010CV187413, 2011 WL 8002905 (Ga. Super., Fulton Cty., Sept. 22, 2011) (verdict of $170,000 for plaintiff who suffered disfigurement, pain, and emotional distress after bilateral breast reduction surgery); *Schwartz v. Terrasse,* Case No. 07 L 828, 2011 WL 4389420 (Ill. Cir. Ct., Lake Cty., June 21, 2011) (verdict of $425,000 for plaintiff who suffered disfigurement after bilateral breast reduction surgery); *Severance v. Landsman*, Case No. 4575/2006, 2011 WL 7461741 (N.Y. Sup., Suffolk Cty., May 17, 2011) (verdict of $1,250,000, including $500,000 for past pain and suffering and loss of enjoyment of life, for plaintiff  who suffered breast disfigurement, scarring, embarrassment, self-consciousness and underwent several surgeries after an initial breast asymmetry surgery); *Ellsworth v. Elwood*, Case No. 06-L-115 (Peoria Cty., Ill.  Apr. 7, 2009) (verdict of $330,000 for plaintiff who suffered breast disfigurement after a bilateral breast reduction surgery); *Swanson v. Pummill*, Case No. 07-87620 (Genesee Cty., Mich. April 3, 2009) (verdict of $364,000 for plaintiff who suffered breast disfigurement, pain, suffering, and mental anguish affecting her activities of daily living after surgery to remove breast implants); *Angela L. v. Saks*, Case No. YC056541, 2008 WL 6298055 (Los Angeles Cty., Cal. 2008) (settlement of $400,000 for plaintiff who suffered breast disfigurement after breast augmentation surgery); *Call v. Keiter*, Case No. 030903501, 2009 Jury Verdicts LEXIS 237703 (Weber Cty., Utah 2008) (verdict of $108,522 for plaintiff who, following a breast implant procedure, developed an infection requiring removal and replacement of the implant resulting in deformity); *Dicicco v. Cattani*, No. 11366/03, 2007 NY Jury Verdicts Review LEXIS 746 (N.Y. 2007) (verdict of $737,000, including $400,000 for past pain and suffering, for plaintiff who suffered breast disfiguring scarring and underwent multiple surgeries after an initial breast augmentation surgery);  *Davis v. Rai*, Case No. 05-8226-G (Dallas Cty., Tex. 2007) (verdict of $165,000, including $100,000 for future pain and mental anguish, for plaintiff who

DEFENDANT MENTOR WORLDWIDE LLC'S NOTICE OF REMOVAL

3461752.1

suffered breast disfigurement and underwent multiple surgeries following an initial breast augmentation surgery); *Karachum v. Wasserstrum*, Case No. BER-L-3731-02, 2004 Jury Verdicts LEXIS 40368 (Bergen Cty., N.J. 2004)  (verdict of $1,500,000 for plaintiff who suffered from permanent breast disfigurement after reduction surgery); *Raviv v. Tiller*, Case No. 00-11955 (Miami-Dade Cty., Fla. 2003) (verdict of $155,000 for plaintiff who experienced pain, breast disfigurement, and humiliation after initial breast augmentation); *Kelley v. Stromberg*, Case No. 00CC-001066 (St. Louis Cty., Mo. Apr. 17, 2002) (verdict of $300,000 returned for plaintiff who suffered breast disfigurement after reconstruction); *Allbritton v. Zachariah*, Case No. 768844 (Santa Clara Cty., Cal. July 28, 2000) (verdict of $186,200 increased by court to $226,072 to include interest and costs in breast disfigurement and multiple surgeries case); *Grimes v. Baxter Healthcare Corp.*, Case No. 93-8828-E (Dallas Cty., Tex. 1995) (verdict of $400,000 for plaintiff who suffered injuries due to rupture of breast implant, including pain, mental anguish, disfigurement, impairment, and medical expenses).  Although Mentor intends to vigorously defend the allegations in the Complaint, courts often look to jury verdicts in comparable cases to determine the amount in controversy. Copies of these verdict reports are attached as Exhibit B to the Hanna Declaration.

## II.   **REMOVAL BASED ON SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 and 1441.**

18.    This Court also has federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1441.

19.    Federal question jurisdiction exists where a plaintiff pleads federal violations on the face of the complaint and "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Down Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)). In *Gunn v. Minton*, 133 S. Ct. 1059 (2013), the Supreme Court articulated a four-part test to determine whether a claim necessarily raises a stated

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

federal issue conferring federal jurisdiction.  The Supreme Court found that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id*. at 1065.  Where all those requirements are met, "jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" *Id*. (citations omitted).

20.    These factors are met here, in the context of a PMA device that is FDA heavily regulated, as other courts have held. *See Burrell*, 2017 WL 1032504, at *4; *Jenkins v. Medtronic*, Inc., 984 F. Supp. 2d 873, 878 (W.D. Tenn. 2013) (finding federal question jurisdiction over state-law product liability claims regarding PMA medical device because claims required court to decide questions of federal law).

21.    Here, Plaintiff's Complaint meets the first two factors because it necessarily raises issues of federal law that are actually disputed as the Complaint is "replete with references to the FDA." *Burrell*, 2017 WL 1032504, at *2.  Plaintiff "raises the question of [] defendants' duties under the FDCA, as amended by the MDA, and whether they complied with such responsibilities." *Id*.; *see, e.g*., Compl. ¶¶ 23–24, 32–34. Further, the third prong is met because the federal issue Plaintiff raises "is indeed substantial as it challenges the federal oversight of Class III medical device products." *Burell*, 2017 WL 1032504, at *3. Finally, the fourth prong is met where, as here, the case implicates the MDA: "Congress in this case passed the MDA, explicitly preempting state law as a general rule,  It would be farcical to override that explicit Congressional act." *Id*.

22.    Accordingly, the exercise of federal question jurisdiction is necessary and appropriate here.

///
///
///
///

# III. MENTOR HAS SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL

23.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which allows a defendant to remove a case within thirty days of receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

24.     Upon information and belief, Mentor Worldwide LLC and J&J Services have not yet been served.[4]   Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

25.     The Superior Court of California, County of Los Angeles is located within the Central District of California.  *See* 28 U.S.C. § 84(c)(2).  Removal to this Court under section 1441(a) is proper because the Central District of California is the "district and division embracing the place where such action is pending."

26.     In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders received is attached as Exhibit A to the Hanna Declaration.

27.     Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court of California, County of Los Angeles.

28.     Mentor reserve all defenses to Plaintiff's claims.

ACCORDINGLY, Mentor removes this action and gives notice to Plaintiff and to the Superior Court of California, County of Los Angeles, that the State Court Action shall proceed no further pursuant to 28 U.S.C. § 1446(d).

---

[4] Because J&J Services has not yet been served with the Complaint, it need not consent to the removal. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties. This general rule applies, however, only to defendants properly joined and served in the action.") (internal citations omitted).

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

DATED:  October 17, 2017

TUCKER ELLIS LLP

By:  /s/ *Monee Takla Hanna*
MONEE TAKLA HANNA
Attorneys for Defendant MENTOR
WORLDWIDE LLC

DEFENDANT MENTOR WORLDWIDE LLC'S NOTICE OF REMOVAL

3461752.1

## **DEMAND FOR JURY TRIAL**

Defendant Mentor Worldwide LLC hereby demands trial by jury in this action.

DATED:  October 17, 2017                    Tucker Ellis LLP


By:    */s/ Monee Takla Hanna*
       _____
       Monee Takla Hanna
       Attorney for Defendant Mentor Worldwide
       LLC

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

1

## CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On October 17, 2017, I served the following:  **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1331, 1332, 1441 and 1446 OF DEFENDANT MENTOR WORLDWIDE LLC; AND DEMAND FOR JURY TRIAL** on the interested parties in this action by:

(X)   **ELECTRONICALLY VIA ECF:**  the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list.  A copy of the "Filing Receipt" page will be maintained with the original document in our office.

(X)   **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, addressed as follows:

Law Office of Ronald Grzywinski          ***Attorneys for Plaintiff Tanya***
Ronald Grzywinski, Esq., (SBN 09594)     ***Kitchen***
700 North Brand Blvd., Suite 580
Glendale, CA 91203
Tel:  (818) 500-8301

for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP.  I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X)   I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on October 17, 2017, at Los Angeles, California

*/s/ Nancy C. Rawlings*
NANCY C. RAWLINGS

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Denver ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

3461752.1